# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

$15,900.00 IN UNITED STATES CURRENCY
BEING HELD AS EVIDENCE AT THE NEW BERLIN
POLICE DEPARTMENT, UNDER INVENTORY
NUMBERS 224303, 224304, AND 224305,
LOCATED IN NEW BERLIN, WISCONSIN

Case Number: 19-883M (NJ)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Jason Vanderwerff, being duly sworn depose and say:

I am a Detective and Task Force Agent assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force, and have reason to believe that in the Eastern District of Wisconsin there is now certain property, namely, $15,900.00 in United States currency being held as evidence at the New Berlin Police Department, under inventory numbers 224303, 224304, and 224305, located in New Berlin, Wisconsin, that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(A) and (C), including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461, as property that (1) was purchased with proceeds traceable to both identity fraud and credit card and access device fraud offenses, committed in violation of 18 U.S.C. §§ 1028 and 1029, respectively, and (2) was "involved in" a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

✓ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days:_____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me, and subscribed in my presence

_____
Signature of Affiant
Jason Vanderwerff, USSS

August 8, 2019
Date and time issued

at Milwaukee, Wisconsin
City and State

Nancy Joseph, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANTS

I, Jason Vanderwerff, having been duly sworn on oath, state as follows:

## Affiant's Background

1. I am a Detective with the City of West Allis Police Department and have been employed with them since 2005. I am currently assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force ("MFCTF"). I was federally deputized on December 20, 2017. My duties as a Detective and Task Force Agent with the Secret Service include investigating financial crimes, such as identity fraud, check fraud, credit card fraud, bank fraud, wire fraud, currency-counterfeiting offenses, and money laundering. During my employment with the West Allis Police Department and the MFCTF, I have conducted several investigations that have resulted in seizures of criminally derived property, including monetary instruments.

2. Based on my training, experience, and participation in financial investigations involving the concealment of funds and assets in order to prevent detection by law enforcement agencies, I have observed that:

- Individuals involved in illegal activities often generate large amounts of money through those activities. These individuals often use the money to promote their illegal activities and to purchase legitimate personal items, such as housing, cars, jewelry, and clothing.

- Individuals attempting to conceal their income or illegal activities often place assets in the names of friends, relatives, or close associates to avoid detection of those assets by law enforcement agencies. Even though such assets are held in the names of other people, the true owners of the assets typically continue to exercise dominion and control over these assets.

- Individuals involved in illegal activities often use banks to conduct financial transactions involving proceeds of their criminal activities. Such individuals often establish a "front" business or shell corporation to generate cash, or to appear to generate cash, to make their wealth appear to have been legitimately obtained. Such individuals also often commingle their criminal proceeds with legitimate funds in bank or other financial accounts to conceal the illegal source of their criminal proceeds.

- Increasingly, individuals involved in illegal activities use "stored value cards," such as gift cards, to hold proceeds of criminal activity. To conceal the link between the criminal activity and the stored value cards holding proceeds of that criminal activity, criminals and money launderers often exchange the stored value cards originally used to hold the criminal proceeds for other stored value cards, for money orders, or for cash.

I refer to these methods that criminals often use to conceal the nature, source, and location of their criminal proceeds as "money laundering."

3. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrants, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrants.

4. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein and other law enforcement officers, all of whom I believe to be truthful and reliable.

## Property Sought to be Seized

5. I submit this affidavit in support of an application for warrants to seize the following:

   a. 169 prepaid access devices containing a stored value of $51,045.74 in criminal proceeds, more specifically identified in Exhibit A attached hereto, including all funds available on those cards, (the "169 prepaid access devices"); and

   b. $15,900.00 in United States currency being held as evidence at the New Berlin Police Department under inventory numbers 224303, 224304, and 224305 (the "$15,900").

6. The 169 prepaid access devices and $15,900 were seized as evidence in a criminal investigation into an alleged conspiracy to commit credit card fraud, forgery of a financial transaction card, and identity theft by Matthew J. Fontil and Samantha Dodge. The 169 prepaid access devices and $15,900 are currently being held as evidence at the New Berlin Police Department, 16300 W. National Ave, New Berlin, Wisconsin. The inventory numbers for the 169 prepaid access devices are 224297, 224298, 224301, 224300, 224302, 224299, 224296. The inventory numbers for the $15,900 are 224303, 224304, and 224305.

7. Based on the facts set forth in this affidavit, I submit that there exists probable cause to believe that the funds contained in or stored on the 169 prepaid access devices, and the $15,900, constitute proceeds of credit card and access device fraud, proceeds of identity fraud, and funds involved in a money laundering conspiracy.

8. More specifically, based on the facts set forth in this affidavit, I submit that there exists probable cause to believe that:

2

- Matthew J. Fontil and Samantha Dodge ("the co-conspirators") generated criminal proceeds from their identity fraud crimes, credit card fraud, and access device fraud.

- These co-conspirators obtained access to victims' credit card accounts, ordered new replacement cards, and stole those replacement cards from the US Postal Service upon delivery to the victims' addresses.

- The co-conspirators, posing as the victims, used the victims' replacement credit cards to obtain cash advances, purchase prepaid access devices, as well as other retail items such as clothing and electronics, knowing that this was an unlawful way to obtain cash value from a victim's credit card account.

- I submit that the co-conspirators conspired to engage in these layered transactions – initially funded by proceeds of identity fraud and credit card fraud and access device fraud – in order to launder the proceeds of those crimes by concealing or disguising the nature, location, source, ownership, and control of those criminal proceeds.

9. Based on the facts generally described above and set forth in detail below, I submit that there exists probable cause to believe that:

   A. The 169 prepaid access devices were purchased with proceeds traceable to both identity fraud as well as credit card and access device fraud offenses, committed in violation of 18 U.S.C. §§ 1028 and 1029, respectively;

   B. The $15,900 was obtained with proceeds traceable to both identity fraud and credit card and access device fraud offenses, committed in violation of 18 U.S.C. §§ 1028 and 1029, respectively;

   C. The co-conspirators conspired to launder the proceeds of those offenses by engaging in the layered financial transactions described in paragraph 8 above, in violation of the money laundering conspiracy statute, 18 U.S.C. § 1956(h);

   D. The 169 prepaid access devices and $15,900 are therefore subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C), including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and to criminal forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461; and

   E. The 169 prepaid access devices and $15,900 are subject to seizure under both the civil seizure statute, 18 U.S.C. § 981(b), as well as the criminal seizure statutes, 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

3

## Facts Supporting Finding of Probable Cause for Issuance of Seizure Warrants

### Ongoing investigation into credit card and access device fraud and identity fraud

10. I am currently assisting in the investigation and prosecution of a case involving identity fraud and credit card and access device fraud. As a part of this crime, Matthew J. Fontil and Samantha Dodge traveled from the State of Florida to the Eastern District of Wisconsin, where they used stolen credit cards by means of "account takeover" to purchase prepaid access devices.

11. Account takeover fraud is a type of identity theft where a fraudster gains access to their victims' accounts, then makes non-monetary changes that may include modifying personally identifiable information (PII), requesting a new card or adding an authorized user. The fraudsters will pose as the victim card holder with the credit card company, request a replacement card, and then proceed to steal the new replacement card from the mail. Once they accomplish one of these requests, they have the power to carry out any number of unauthorized transactions.

12. I have investigated many similar crimes in which individuals travel to different geographical locations for the purpose of using stolen or cloned credit cards. By traveling, those who seek to unlawfully use stolen or cloned credit cards reduce the chance that they will be caught by law enforcement. That is because, frequently, by the time law enforcement officers learn that stolen or cloned credit cards have been used in the area, the offenders have already departed and have often left few investigative leads to follow up on. I also know that a preferred method of generating proceeds from these crimes is to use the stolen or cloned credit cards to purchase prepaid access devices, which, in turn, can then be sold or redeemed.

### Summary of Account takeover activity

13. Between July 9, 2019, and July 24, 2019, the New Berlin Police Department investigated numerous reports of identity theft – all from residents in a small section of a residential neighborhood. In total there were 19 victims, all residing in approximately a ¼ square mile area, who reported identity theft after finding unauthorized charges on their credit accounts – in total, approximately 32 credit card accounts with a total loss of approximately $75,386.58. The following is a sample of several of the victims' statements.

### Victim J.P. – Von Maur account ending 6855

14. Documented under New Berlin Police Incident report E19016483, victim J.P. reported that on July 19, 2019, J.P. received a call from a Von Maur credit card representative to discuss two recent charges totaling $1,506.61. J.P. found that these purchases were made at the Brookfield, Wisconsin, Von Maur location, which is located in the Eastern District of Wisconsin. J.P. did not consent for anyone to use her Von Maur credit account.

4

15. New Berlin Police conducted a follow-up investigation at Von Maur and obtained high-quality video surveillance. The subjects using the Von Maur credit account belonging to J.P. arrived in a black Audi Q5 with Wisconsin registration plate AFJ2212 and were later identified as Matthew J. Fontil and Samantha Dodge.

**Victim D.S. – Capital One accounts 4638, 3548, and 6522**

16. Documented under New Berlin Police Incident report E19015607, victim D.S. reported receiving a phone call from Capital One asking if she had made purchases of approximately $9,000 at a Sam's Club in Waukesha, Wisconsin. D.S. did not consent for anyone to use her Capital One credit card accounts.

17. D.S. learned that on July 4, 2019, someone had requested replacement cards for accounts ending 4683, 3548, and 6522 and had them sent to her home located in New Berlin, Wisconsin. D.S. stated that on July 10, 2019, someone used account ending 4638 for a $2,662.80 purchase, and on July 13, 2019, someone used account ending 3548 for a $2,835.19 purchase and account ending 6522 for a $3,058.56 purchase – for a total of $8,556.55 in fraudulent purchases. All of these purchases were made at the Sam's Club in Waukesha, Wisconsin, which is located in the Eastern District of Wisconsin.

18. New Berlin Police Department conducted follow up with the Waukesha, Wisconsin Sam's Club and learned that prepaid cards had been purchased during these three transactions using D.S.'s Captial One accounts. Video evidence was collected, and the person using these accounts was Samantha Dodge.

**Victim G.B. – Chase Bank account 5501**

19. Documented under New Berlin Police Incident report E1901016548, victim G.B. reported that he received an email from Chase Bank indicating that he had ordered a replacement credit card ending 5501 on July 11, 2019, and advising that the replacement card would arrive in three to five days. Victim G.B. found there were several unauthorized transactions on this Chase credit card.

20. G.B. reported that one of the unauthorized uses of his Chase Bank card was a $3,000 cash advance conducted at the Wells Fargo branch located at 131 W. Layton Avenue, Milwaukee, Wisconsin, which is in the Eastern District of Wisconsin. G.B. did not consent to the use of his Chase Bank card ending 5501 for this transaction.

21. New Berlin Police investigators conducted follow up with Wells Fargo Bank for this unauthorized transaction and identified the suspect on surveillance video as Matthew Fontil.

**Victim I.O. Discover Card account ending 4620**

22. Documented under New Berlin Police Incident report E19015509, victim I.O. reported that on July 12, 2019, she received an email from Discover Card inquiring whether she had made $828.93 in purchases at Target in Waukesha, Wisconsin. I.O. contacted Discover Card back and told them she did not consent to this purchase.

5

23. I.O. learned from Discover Card there had been three additional purchases made on her Discover account. These were completed at a business called "Escape" for $62.25 on July 9, 2019, Meijer store in Pewaukee, Wisconsin, for $56.14 on July 10, 2019, and Walgreens in Waukesha, Wisconsin, for $307.94 on July 11, 2019. I.O. did not consent to any of these purchases.

24. I.O. reported that she had her original card still in her possession and has not used that card in several years.

25. New Berlin Police Department conducted follow-up investigation at the Waukesha, Wisconsin Target location. Video evidence for the use of I.O.'s card showed that the person using the card was identified as Matthew Fontil.

### Identification of suspect Matthew J. Fontil

26. On Friday July 19, 2019, at 12:48 p.m., New Berlin Police Officer Michell was patrolling the area of W. Mill Creek Trail in the City of New Berlin in response to a suspicious vehicle seen in the area on July 17, 2019, related to numerous identity theft complaints from residents in this area. Officer Michell observed a black Audi Q5 with Wisconsin registration plate AFJ2212 traveling west on W. Mill Creek Road at a high rate of speed. Officer Michell stopped the vehicle for speeding.

27. Officer Michell identified the operator of this vehicle by a Florida driver's license as Matthew Jerry Fontil, DOB 04/25/XX. Unaware of the connection to the identity theft investigation at that time, Fontil was issued a written warning for speeding and released.

28. Officer Michell later was discussing this traffic stop with New Berlin Police Officer Romenesko, who had taken the complaint of identity theft from victim I.O. This traffic stop of Matthew Fontil was in very close proximity to victim I.O.'s home. Officer Michell identified Fontil as the person in surveillance video using victim I.O.'s credit card at a Target store.

### July 25, 2019 arrest of Matthew J. Fontil and Samantha Dodge and seizure of evidence

29. On July 24, 2019, New Berlin Police learned that Matthew Fontil had purchased an airline ticket for Samantha Dodge and that he would be flying from Milwaukee General Mitchell International Airport to Orlando, Florida on July 25, 2019, on Frontier Airlines.

30. On July 25, 2019, the New Berlin Police Department and Milwaukee County Sheriff's Office conducted a stakeout at the Enterprise car rental location in anticipation that Matthew Fontil would be returning the Audi Q5 rental vehicle.

31. On July 25, 2019, at about 7:22 p.m., Fontil and Dodge arrived at Enterprise car rental in the Audi Q5. A New Berlin Police Detective sitting in a minivan immediately in front of where Fontil parked his rental vehicle was able to identify Fontil and Dodge after they exited the vehicle. Fontil and Dodge were taken into custody near the Frontier Airlines ticketing area.

6

32. Detective William Majeskie and other New Berlin Police personnel transported Fontil and Dodge to the New Berlin Police Department for questioning and arrest processing. Neither provided a statement to detectives and were subsequently taken to the Waukesha County Jail.

33. During an initial search of Fontil and Dodge incident to arrest, Detective Majeskie located a total of twenty (20) gift cards/prepaid cards – seven (7) cards from Fontil and thirteen (13) cards from Dodge. Detective Majeskie checked the balances on the cards and found that eight (8) of the cards held $1,545.74 in total. Funds on those cards were frozen using the ERAD system.

**Search warrant for Fontil's and Dodge's luggage**

34. On July 26, 2019, New Berlin Police Detective William Majeskie applied for and obtained a search warrant through Waukesha County Circuit Court for luggage seized at Mitchell International Airport belonging to Fontil and Dodge.

35. On July 29, 2019, at 1:30 p.m., Detective William Majeskie executed the search warrant on numerous pieces of Fontil's and Dodge's luggage. During this search, evidence was recovered, including numerous prepaid access device cards, United States currency, new clothing (some with price tags still attached), computer equipment, and cellular phones. Further description of evidentiary items and where they were located are as follows:

36. In Fontil's black Samsonite suitcase:

   a. A bank money envelope containing $2,900 in United States currency, all in $50 bills.

   b. A bank money envelope containing $5,000 in United States currency, all $100 bills.

   c. A printed out New Berlin Police Department traffic warning for Fontil from July 19, 2019, by Officer Michell.

   d. A gold-band Rolex watch in a HS Jewelry case.

   e. Khaki pants with the bottom of the pants rolled up. In at least one surveillance video, one can see Fontil walking with his pant legs rolled up unusually high.

   f. Navy blue pants with the bottom of the pants rolled up.

   g. A blue/green button-down plaid shirt that Fontil was wearing in a number of the surveillance footages.

   h. Several clothing items with the tags still on them from GAP and Express.

7

      i.      A black Adidas warm-up suit that Fontil was wearing in at least one of the surveillance clips when he made a fraudulent purchase.

      j.      A Journey's gift card.

      k.      A new, in-the-box iPhone that has not been opened. This is most likely the phone purchased on July 17, 2019, at the Target on Kossow Road in Waukesha, Wisconsin, with the unauthorized use of a card belonging to a victim having the initials A.M.

      l.      An iPad with a purple case.

      m.      An Acer laptop computer.

37.    Dodge's carry-on size Samsonite suitcase:

      a.      Three gift cards hidden in a red make-up bag.

      b.      Five gift cards hidden in a flowery make-up bag.

      c.      Five gift cards hidden in a white make-up bag.

      d.      A number of clothing items with the tags still on them from Express, GAP, Banana Republic, Arizona jean company.

      e.      Black Adidas warm-up pants.

      f.      A white blazer with black vertical strips that Dodge was seen wearing on surveillance video.

      g.      A black blazer that Dodge was seen wearing on surveillance video.

      h.      A black wig.

      i.      A Dave and Buster's shot glass. One of the fraudulent purchases on July 14, 2019, from victim C.G.'s credit card came from Dave and Busters in the amount of $36.16 (report number E19016413).

      j.      A Von Maur make-up bag. Dodge and Fontil made fraudulent purchases from Von Maur on July 15, 2019, and July 18, 2019.

38.    Fontil's silver Samsonite suitcase:

      a.      One hundred nine (109) prepaid gift cards banded together in four different stacks inside MSX boxer briefs underwear bags.

b. A number of items of clothing with the tags still on from stores such as GAP and Express.

39. Dodge's large-sized Samsonite suitcase:

   a. Eleven gift cards hidden in a Victoria Secret bag amongst bras and panties.

   b. Fifteen gift cards hidden in a box of Cora organic cotton tampons.

   c. Thirteen gift cards inside of the suitcase, not hidden.

   d. A number of clothing items with the tags still on from stores such as Victoria Secret, Pink, GAP, a JCPenney bag, Von Maur (Coach shoes, which are on the Von Maur receipt from the fraudulent purchase on July 15, 2019), Michael Kors, Sephora, Clinique (from the Von Maur fraudulent purchase on July 18, 2019).

   e. A bank money envelope containing $5,000 in United States currency, all in $100 bills.

   f. A bank money envelope containing $1,500 in United States currency, all in $20 bills.

40. Fontil's flower-patterned suitcase: clothes with tags still on them from GAP and Von Maur.

41. Fontil's baseball hats: An Adidas hat in a number of surveillance videos in which Fontil made fraudulent purchases.

42. Dodge's black backpack:

   a. Two flash drives (one that is red and one that is a blue) and 32GB PNY storage device.

   b. A Microsoft laptop inside of a Kate Spade computer sleeve.

   c. Ray-Bank reflective sunglasses. Dodge was seen in a number of surveillance videos and still photographs wearing these glasses.

43. Dodge's wallet contained $1,500 in United States currency inside of a bank money envelope.

**169 prepaid access devices or gift cards seized during execution of the search warrant**

44. As described above, officers seized a total of 169 prepaid access devices, or gift cards, during execution of the search warrant. New Berlin Police Detective William Majeskie

9

interrogated all of the cards using the ERAD system (NOCO-1533) and found $51,045.74 on those cards. All of the balances on the cards have been frozen and the physical cards were placed into evidence at the New Berlin Police Department.

45. The following is a synopsis of the interrogation results:

   a. One hundred nine (109) cards found in Fontil's underwear bags inside his Samsonite luggage. A breakdown of the cards showed (72) seventy-two of the cards were for $250 each and the remaining (37) thirty-seven were for $500 each. The total amount on the cards was $36,500. Funds on these cards have been frozen.

   b. Thirteen (13) cards found inside Dodge's large maroon Samsonite suitcase all had $250 each loaded onto them, for a total of $3,250. Funds on these cards have been frozen.

   c. Fifteen (15) cards found inside Dodge's tampon box, which was inside her large maroon Samsonite suitcase, all had $250 each loaded onto them, for a total of $3,750. Funds on these cards have been frozen.

   d. Eleven (11) cards found inside Dodge's Victoria Secret bag, which was inside her large maroon Samsonite suitcase, all had $250 each loaded onto them, for a total of $2,750. Funds on these cards have been frozen.

   e. Five (5) prepaid cards found inside Dodge's white makeup bag, which was inside her large maroon Samsonite suitcase, all had $250 each loaded onto them, for a total of $1,250. Funds on these cards have been frozen.

   f. Five (5) prepaid cards found inside Dodge's flowery makeup bag, which was inside her large maroon Samsonite suitcase, all had $250 each loaded onto them, for a total of $1,250. Funds on these cards have been frozen.

   g. Three (3) cards found inside Dodge's red make-up bag, which was inside her large maroon Samsonite suitcase, all had $250 each loaded onto them, for a total of $750. Funds on these cards have been frozen.

**$15,900 in United States currency seized during execution of the search warrant**

46. As described above, officers seized a total of $15,900 in United States currency during execution of the search warrant as follows:

   a. Inside Fontil's luggage: $2,900 in a bank money envelope, all in $50 bills, and $5,000 in a bank money envelope, all $100 bills (inventory number 224303).

10

Case 2:19-mj-00883-NJ   Filed 08/15/19   Page 11 of 17   Document 1

b. Inside Dodge's luggage: $5,000 in a bank money envelope, all in $100 bills, and $1,500 in a bank money envelope, all in $20 bills (inventory number 224304).

c. Inside Dodge's wallet: $1,500 in a bank money envelope (inventory number 224305).

47. Based on the fact that Fontil and Dodge had traveled from Florida to Milwaukee for the purpose of using stolen replacement credit cards from local Wisconsin victims in an "account-takeover scheme" to purchase prepaid gift cards, I submit that there exists probable cause to believe that the Fontil and Dodge had purchased the seized 169 prepaid access devices or gift cards using the stolen credit cards, and very probably PII associated with those credit card users, in violation of both the identity fraud statute, 18 U.S.C. § 1028, as well as the access device fraud statute, 18 U.S.C. § 1029.

48. Accordingly, I further submit that the seized 169 prepaid access devices, or gift cards, along with $15,900 in United States currency, contain or constitute proceeds of the identity fraud and access device fraud offenses that the co-conspirators committed when they took over victims' credit card accounts, ordering replacement cards, stealing those replacement cards from the mail, and using those stolen cards to buy the 169 prepaid cards as well as obtaining cash advances on the victims' credit accounts.

49. Based on evidence seized during the execution of the search warrant on the co-conspirators' luggage at the time of their arrest, including numerous prepaid access device cards with a value of $51,045.74, new clothing with price tags still attached, and $15,900 in cash, I submit that there exists probable cause to believe that the co-conspirators intended to use the 169 gift cards and the $15,900 as a means of laundering the proceeds of their identify fraud and access device fraud offenses.

50. I have been advised by asset forfeiture counsel for the United States Attorney's Office, Assistant United States Attorney Scott Campbell, that, according to the Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.), in order to establish concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), the government must prove the four following elements:

First, that the defendant knowingly conducted or attempted to conduct a financial transaction, which can include a purchase;

Second, that some or all of the property involved in the financial transaction was proceeds of a specified unlawful activity, such as the crime of credit card and access device or identity fraud;

Third, that the person engaging in the financial transaction knew that the property involved in that transaction represented proceeds of some form of unlawful activity; and

Fourth, that the person engaging in the financial transaction knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity - here, credit card or access device fraud and identity fraud.

51. Accordingly, I further submit that the seized 169 prepaid access devices and the $15,900 were "involved in" a conspiracy to launder the proceeds of the identity fraud and access device and credit card fraud offenses, in violation of the money laundering conspiracy statute, 18 U.S.C. § 1956(h).

52. I have been advised by forfeiture counsel for the U.S. Attorney's Office that property "involved in" a money laundering violation is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and to criminal forfeiture under 18 U.S.C. § 982(a)(1).

53. I have also been advised by forfeiture counsel for the U.S. Attorney's Office that the phrase "involved in," as used in the money laundering forfeiture statutes, includes "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. McGauley*, 279 F.3d 62, 76 n.14 (1st Cir. 2002); *see also United States v. Baker*, 227 F.3d 955, 967 (7th Cir. 2000) (all real and personal property used to commit the money laundering offense is subject to forfeiture as property involved in the offense); *United States v. Reiner*, 397 F. Supp. 2d 101, 112 n.26 (D. Me. 2005) (collecting cases holding that forfeiture in a money laundering case includes the subject matter of the offense, commissions, and facilitating property).

54. Thus, because the 169 seized gift cards and the $15,900 contain or constitute proceeds of the identity fraud and access device fraud offenses that the co-conspirators sought to launder as a part of their money laundering conspiracy, those gift cards and the currency were "involved in" the laundering conspiracy and are subject to forfeiture on that ground.

55. Finally, I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after restraining order or similar process has been issued to a financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the money sought to be seized for forfeiture by the accompanying seizure warrant.

## Conclusion

56. Based on the above facts, I submit that there exists probable cause to believe that:

   a. The 169 prepaid access devices and the $15,900 in United States currency sought to be seized were purchased and obtained with proceeds traceable to both identity fraud and credit card and access device fraud offenses, committed in violation of 18 U.S.C. §§ 1028 and 1029, respectively;

   b. Those 169 prepaid access devices, along with $15,900 in United States currency, were also "involved in" a money laundering conspiracy in that

12

    the co-conspirators sought to launder the proceeds of their identify fraud and access device fraud offenses, in violation of the money laundering conspiracy statute, 18 U.S.C. § 1956(h);

  c. The 169 prepaid access devices, along with $15,900 in United States currency, are therefore subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C), including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and to criminal forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461; and

  d. The 169 prepaid access devices, along with $15,900 in United States currency, are subject to seizure under both the civil seizure statute, 18 U.S.C. § 981(b), as well as the criminal seizure statutes, 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

###

## Exhibit A

| No. | Inventory # | Issuer | Card # | Brand | Balance |
|---|---|---|---|---|---|
| 1 | 224297 | BANCORP BANK, THE | 51648XXXXXX80281 | MASTERCARD | $250.00 |
| 2 | 224297 | BANCORP BANK, THE | 51648XXXXXX69407 | MASTERCARD | $250.00 |
| 3 | 224297 | BANCORP BANK, THE | 51648XXXXXX39053 | MASTERCARD | $250.00 |
| 4 | 224297 | BANCORP BANK, THE | 51648XXXXXX10281 | MASTERCARD | $250.00 |
| 5 | 224297 | BANCORP BANK, THE | 51648XXXXXX82576 | MASTERCARD | $250.00 |
| 6 | 224297 | BANCORP BANK, THE | 51648XXXXXX25618 | MASTERCARD | $250.00 |
| 7 | 224297 | BANCORP BANK, THE | 51648XXXXXX06254 | MASTERCARD | $250.00 |
| 8 | 224297 | BANCORP BANK, THE | 51648XXXXXX46302 | MASTERCARD | $250.00 |
| 9 | 224297 | BANCORP BANK, THE | 51648XXXXXX38520 | MASTERCARD | $250.00 |
| 10 | 224297 | BANCORP BANK, THE | 51648XXXXXX50012 | MASTERCARD | $250.00 |
| 11 | 224297 | BANCORP BANK, THE | 51648XXXXXX73545 | MASTERCARD | $250.00 |
| 12 | 224297 | BANCORP BANK, THE | 51648XXXXXX36346 | MASTERCARD | $250.00 |
| 13 | 224297 | BANCORP BANK, THE | 51648XXXXXX80636 | MASTERCARD | $250.00 |
| 14 | 224298 | BANCORP BANK, THE | 51648XXXXXX83191 | MASTERCARD | $250.00 |
| 15 | 224298 | BANCORP BANK, THE | 51648XXXXXX03095 | MASTERCARD | $250.00 |
| 16 | 224298 | BANCORP BANK, THE | 51648XXXXXX84777 | MASTERCARD | $250.00 |
| 17 | 224298 | BANCORP BANK, THE | 51648XXXXXX15015 | MASTERCARD | $250.00 |
| 18 | 224298 | BANCORP BANK, THE | 51648XXXXXX64789 | MASTERCARD | $250.00 |
| 19 | 224298 | BANCORP BANK, THE | 51648XXXXXX71298 | MASTERCARD | $250.00 |
| 20 | 224298 | BANCORP BANK, THE | 51648XXXXXX90566 | MASTERCARD | $250.00 |
| 21 | 224298 | BANCORP BANK, THE | 51648XXXXXX06674 | MASTERCARD | $250.00 |
| 22 | 224298 | BANCORP BANK, THE | 51648XXXXXX89946 | MASTERCARD | $250.00 |
| 23 | 224298 | BANCORP BANK, THE | 51648XXXXXX70367 | MASTERCARD | $250.00 |
| 24 | 224298 | BANCORP BANK, THE | 51648XXXXXX96863 | MASTERCARD | $250.00 |
| 25 | 224298 | BANCORP BANK, THE | 51648XXXXXX75281 | MASTERCARD | $250.00 |
| 26 | 224298 | BANCORP BANK, THE | 51648XXXXXX13941 | MASTERCARD | $250.00 |
| 27 | 224298 | BANCORP BANK, THE | 51648XXXXXX33185 | MASTERCARD | $250.00 |
| 28 | 224298 | BANCORP BANK, THE | 51648XXXXXX78228 | MASTERCARD | $250.00 |
| 29 | 224301 | BANCORP BANK, THE | 51648XXXXXX47805 | MASTERCARD | $250.00 |
| 30 | 224301 | BANCORP BANK, THE | 51648XXXXXX27327 | MASTERCARD | $250.00 |
| 31 | 224301 | BANCORP BANK, THE | 51648XXXXXX62261 | MASTERCARD | $250.00 |
| 32 | 224301 | BANCORP BANK, THE | 51648XXXXXX77544 | MASTERCARD | $250.00 |
| 33 | 224301 | BANCORP BANK, THE | 51648XXXXXX86965 | MASTERCARD | $250.00 |
| 34 | 224300 | BANCORP BANK, THE | 51648XXXXXX35691 | MASTERCARD | $250.00 |
| 35 | 224300 | BANCORP BANK, THE | 51648XXXXXX59593 | MASTERCARD | $250.00 |
| 36 | 224300 | BANCORP BANK, THE | 51648XXXXXX80113 | MASTERCARD | $250.00 |
| 37 | 224302 | BANCORP BANK, THE | 51648XXXXXX85727 | MASTERCARD | $250.00 |
| 38 | 224302 | BANCORP BANK, THE | 51648XXXXXX14937 | MASTERCARD | $250.00 |
| 39 | 224302 | BANCORP BANK, THE | 51648XXXXXX54627 | MASTERCARD | $250.00 |
| 40 | 224302 | BANCORP BANK, THE | 51648XXXXXX47277 | MASTERCARD | $250.00 |
| 41 | 224302 | BANCORP BANK, THE | 51648XXXXXX29179 | MASTERCARD | $250.00 |
| 42 | 224299 | BANCORP BANK, THE | 51648XXXXXX60806 | MASTERCARD | $250.00 |
| 43 | 224299 | BANCORP BANK, THE | 51648XXXXXX47494 | MASTERCARD | $250.00 |
| 44 | 224299 | BANCORP BANK, THE | 51648XXXXXX60794 | MASTERCARD | $250.00 |
| 45 | 224299 | BANCORP BANK, THE | 51648XXXXXX98624 | MASTERCARD | $250.00 |
| 46 | 224299 | BANCORP BANK, THE | 51648XXXXXX58570 | MASTERCARD | $250.00 |
| 47 | 224299 | BANCORP BANK, THE | 51648XXXXXX19561 | MASTERCARD | $250.00 |
| 48 | 224299 | BANCORP BANK, THE | 51648XXXXXX64615 | MASTERCARD | $250.00 |
| 49 | 224299 | BANCORP BANK, THE | 51648XXXXXX49076 | MASTERCARD | $250.00 |
| 50 | 224299 | BANCORP BANK, THE | 51648XXXXXX27215 | MASTERCARD | $250.00 |
| 51 | 224299 | BANCORP BANK, THE | 51648XXXXXX32145 | MASTERCARD | $250.00 |
| 52 | 224299 | BANCORP BANK, THE | 51648XXXXXX39443 | MASTERCARD | $250.00 |
| 53 | 224296 | BANCORP BANK, THE | 51648XXXXXX43673 | MASTERCARD | $250.00 |
| 54 | 224296 | BANCORP BANK, THE | 51648XXXXXX83306 | MASTERCARD | $250.00 |
| 55 | 224296 | BANCORP BANK, THE | 51648XXXXXX10394 | MASTERCARD | $250.00 |
| 56 | 224296 | BANCORP BANK, THE | 51648XXXXXX40583 | MASTERCARD | $250.00 |
| 57 | 224296 | BANCORP BANK, THE | 51648XXXXXX32859 | MASTERCARD | $250.00 |

| No. | Inventory # | Issuer | Card # | Brand | Balance |
|---|---|---|---|---|---|
| 58 | 224296 | BANCORP BANK, THE | 51648XXXXXX81124 | MASTERCARD | $250.00 |
| 59 | 224296 | BANCORP BANK, THE | 51648XXXXXX38802 | MASTERCARD | $250.00 |
| 60 | 224296 | BANCORP BANK, THE | 51648XXXXXX69103 | MASTERCARD | $250.00 |
| 61 | 224296 | BANCORP BANK, THE | 51648XXXXXX88500 | MASTERCARD | $250.00 |
| 62 | 224296 | BANCORP BANK, THE | 51648XXXXXX55070 | MASTERCARD | $250.00 |
| 63 | 224296 | BANCORP BANK, THE | 51648XXXXXX65701 | MASTERCARD | $250.00 |
| 64 | 224296 | BANCORP BANK, THE | 51648XXXXXX60252 | MASTERCARD | $250.00 |
| 65 | 224296 | BANCORP BANK, THE | 51648XXXXXX91777 | MASTERCARD | $250.00 |
| 66 | 224296 | BANCORP BANK, THE | 51648XXXXXX12420 | MASTERCARD | $250.00 |
| 67 | 224296 | BANCORP BANK, THE | 51648XXXXXX62119 | MASTERCARD | $250.00 |
| 68 | 224296 | BANCORP BANK, THE | 51648XXXXXX41254 | MASTERCARD | $250.00 |
| 69 | 224296 | BANCORP BANK, THE | 51648XXXXXX13293 | MASTERCARD | $250.00 |
| 70 | 224296 | BANCORP BANK, THE | 51648XXXXXX02393 | MASTERCARD | $250.00 |
| 71 | 224296 | BANCORP BANK, THE | 51648XXXXXX09097 | MASTERCARD | $250.00 |
| 72 | 224296 | BANCORP BANK, THE | 51648XXXXXX78628 | MASTERCARD | $250.00 |
| 73 | 224296 | BANCORP BANK, THE | 51648XXXXXX22378 | MASTERCARD | $250.00 |
| 74 | 224296 | BANCORP BANK, THE | 51648XXXXXX68041 | MASTERCARD | $250.00 |
| 75 | 224296 | BANCORP BANK, THE | 51648XXXXXX39539 | MASTERCARD | $250.00 |
| 76 | 224296 | BANCORP BANK, THE | 51648XXXXXX92833 | MASTERCARD | $250.00 |
| 77 | 224296 | The Bancorp Bank | 48471XXXXXX08907 | VISA | $500.00 |
| 78 | 224296 | The Bancorp Bank | 48471XXXXXX44453 | VISA | $500.00 |
| 79 | 224296 | The Bancorp Bank | 48471XXXXXX86881 | VISA | $500.00 |
| 80 | 224296 | The Bancorp Bank | 48471XXXXXX82884 | VISA | $500.00 |
| 81 | 224296 | The Bancorp Bank | 48471XXXXXX25967 | VISA | $500.00 |
| 82 | 224296 | The Bancorp Bank | 48471XXXXXX63662 | VISA | $500.00 |
| 83 | 224296 | The Bancorp Bank | 48471XXXXXX65490 | VISA | $500.00 |
| 84 | 224296 | The Bancorp Bank | 48471XXXXXX20423 | VISA | $500.00 |
| 85 | 224296 | The Bancorp Bank | 48471XXXXXX21649 | VISA | $500.00 |
| 86 | 224296 | The Bancorp Bank | 48471XXXXXX28104 | VISA | $500.00 |
| 87 | 224296 | The Bancorp Bank | 48471XXXXXX70936 | VISA | $500.00 |
| 88 | 224296 | The Bancorp Bank | 48471XXXXXX17084 | VISA | $500.00 |
| 89 | 224296 | The Bancorp Bank | 48471XXXXXX65202 | VISA | $500.00 |
| 90 | 224296 | The Bancorp Bank | 48471XXXXXX19774 | VISA | $500.00 |
| 91 | 224296 | The Bancorp Bank | 48471XXXXXX82946 | VISA | $500.00 |
| 92 | 224296 | The Bancorp Bank | 48471XXXXXX35353 | VISA | $500.00 |
| 93 | 224296 | The Bancorp Bank | 48471XXXXXX26424 | VISA | $500.00 |
| 94 | 224296 | The Bancorp Bank | 48471XXXXXX19842 | VISA | $500.00 |
| 95 | 224296 | The Bancorp Bank | 48471XXXXXX54766 | VISA | $500.00 |
| 96 | 224296 | The Bancorp Bank | 48471XXXXXX93788 | VISA | $500.00 |
| 97 | 224296 | BANCORP BANK, THE | 51648XXXXXX22428 | MASTERCARD | $250.00 |
| 98 | 224296 | BANCORP BANK, THE | 51648XXXXXX31525 | MASTERCARD | $250.00 |
| 99 | 224296 | BANCORP BANK, THE | 51648XXXXXX18012 | MASTERCARD | $250.00 |
| 100 | 224296 | BANCORP BANK, THE | 51648XXXXXX43812 | MASTERCARD | $250.00 |
| 101 | 224296 | BANCORP BANK, THE | 51648XXXXXX42946 | MASTERCARD | $250.00 |
| 102 | 224296 | BANCORP BANK, THE | 51648XXXXXX01038 | MASTERCARD | $250.00 |
| 103 | 224296 | BANCORP BANK, THE | 51648XXXXXX76163 | MASTERCARD | $250.00 |
| 104 | 224296 | BANCORP BANK, THE | 51648XXXXXX64303 | MASTERCARD | $250.00 |
| 105 | 224296 | BANCORP BANK, THE | 51648XXXXXX24326 | MASTERCARD | $250.00 |
| 106 | 224296 | BANCORP BANK, THE | 51648XXXXXX34900 | MASTERCARD | $250.00 |
| 107 | 224296 | BANCORP BANK, THE | 51648XXXXXX17823 | MASTERCARD | $250.00 |
| 108 | 224296 | BANCORP BANK, THE | 51648XXXXXX11402 | MASTERCARD | $250.00 |
| 109 | 224296 | BANCORP BANK, THE | 51648XXXXXX21137 | MASTERCARD | $250.00 |
| 110 | 224296 | BANCORP BANK, THE | 51648XXXXXX63569 | MASTERCARD | $250.00 |
| 111 | 224296 | BANCORP BANK, THE | 51648XXXXXX14521 | MASTERCARD | $250.00 |
| 112 | 224296 | BANCORP BANK, THE | 51648XXXXXX17791 | MASTERCARD | $250.00 |
| 113 | 224296 | BANCORP BANK, THE | 51648XXXXXX33474 | MASTERCARD | $250.00 |
| 114 | 224296 | BANCORP BANK, THE | 51648XXXXXX49644 | MASTERCARD | $250.00 |
| 115 | 224296 | BANCORP BANK, THE | 51648XXXXXX35609 | MASTERCARD | $250.00 |
| 116 | 224296 | BANCORP BANK, THE | 51648XXXXXX91084 | MASTERCARD | $250.00 |

| No. | Inventory # | Issuer | Card # | Brand | Balance |
|---|---|---|---|---|---|
| 117 | 224296 | BANCORP BANK, THE | 51648XXXXXX31077 | MASTERCARD | $250.00 |
| 118 | 224296 | BANCORP BANK, THE | 51648XXXXXX42233 | MASTERCARD | $250.00 |
| 119 | 224296 | BANCORP BANK, THE | 51648XXXXXX95534 | MASTERCARD | $250.00 |
| 120 | 224296 | BANCORP BANK, THE | 51648XXXXXX13217 | MASTERCARD | $250.00 |
| 121 | 224296 | BANCORP BANK, THE | 51648XXXXXX64366 | MASTERCARD | $250.00 |
| 122 | 224296 | BANCORP BANK, THE | 51648XXXXXX98857 | MASTERCARD | $250.00 |
| 123 | 224296 | BANCORP BANK, THE | 51648XXXXXX75153 | MASTERCARD | $250.00 |
| 124 | 224296 | BANCORP BANK, THE | 51648XXXXXX13539 | MASTERCARD | $250.00 |
| 125 | 224296 | BANCORP BANK, THE | 51648XXXXXX87536 | MASTERCARD | $250.00 |
| 126 | 224296 | BANCORP BANK, THE | 51648XXXXXX60799 | MASTERCARD | $250.00 |
| 127 | 224296 | BANCORP BANK, THE | 51648XXXXXX59202 | MASTERCARD | $250.00 |
| 128 | 224296 | BANCORP BANK, THE | 51648XXXXXX84413 | MASTERCARD | $250.00 |
| 129 | 224296 | BANCORP BANK, THE | 51648XXXXXX16327 | MASTERCARD | $250.00 |
| 130 | 224296 | BANCORP BANK, THE | 51648XXXXXX94555 | MASTERCARD | $250.00 |
| 131 | 224296 | BANCORP BANK, THE | 51648XXXXXX03282 | MASTERCARD | $250.00 |
| 132 | 224296 | BANCORP BANK, THE | 51648XXXXXX21056 | MASTERCARD | $250.00 |
| 133 | 224296 | BANCORP BANK, THE | 51648XXXXXX45360 | MASTERCARD | $250.00 |
| 134 | 224296 | BANCORP BANK, THE | 51648XXXXXX39978 | MASTERCARD | $250.00 |
| 135 | 224296 | BANCORP BANK, THE | 51648XXXXXX50897 | MASTERCARD | $250.00 |
| 136 | 224296 | BANCORP BANK, THE | 51648XXXXXX11022 | MASTERCARD | $250.00 |
| 137 | 224296 | BANCORP BANK, THE | 51648XXXXXX64099 | MASTERCARD | $250.00 |
| 138 | 224296 | BANCORP BANK, THE | 51648XXXXXX59933 | MASTERCARD | $250.00 |
| 139 | 224296 | BANCORP BANK, THE | 51648XXXXXX66506 | MASTERCARD | $250.00 |
| 140 | 224296 | BANCORP BANK, THE | 51648XXXXXX16158 | MASTERCARD | $250.00 |
| 141 | 224296 | BANCORP BANK, THE | 51648XXXXXX53122 | MASTERCARD | $250.00 |
| 142 | 224296 | BANCORP BANK, THE | 51648XXXXXX94552 | MASTERCARD | $250.00 |
| 143 | 224296 | BANCORP BANK, THE | 51648XXXXXX67632 | MASTERCARD | $250.00 |
| 144 | 224296 | BANCORP BANK, THE | 51648XXXXXX87943 | MASTERCARD | $250.00 |
| 145 | | The Bancorp Bank | 48471XXXXXX89745 | VISA | $39.45 |
| 146 | | The Bancorp Bank | 48471XXXXXX17198 | VISA | $40.00 |
| 147 | | The Bancorp Bank | 48471XXXXXX67731 | VISA | $200.00 |
| 148 | 224296 | U.S. Bank National Association | 40301XXXXXX24206 | VISA | $500.00 |
| 149 | 224296 | U.S. Bank National Association | 40301XXXXXX22408 | VISA | $500.00 |
| 150 | 224296 | U.S. Bank National Association | 40301XXXXXX51020 | VISA | $500.00 |
| 151 | 224296 | U.S. Bank National Association | 40301XXXXXX51038 | VISA | $500.00 |
| 152 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX84580 | MASTERCARD | $500.00 |
| 153 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX96248 | MASTERCARD | $500.00 |
| 154 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX96255 | MASTERCARD | $500.00 |
| 155 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX56994 | MASTERCARD | $500.00 |
| 156 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX57661 | MASTERCARD | $500.00 |
| 157 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX57604 | MASTERCARD | $500.00 |
| 158 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX74342 | MASTERCARD | $500.00 |
| 159 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX49445 | MASTERCARD | $500.00 |
| 160 | 224296 | U.S. Bank National Association | 40301XXXXXX84126 | VISA | $500.00 |
| 161 | 224296 | U.S. Bank National Association | 40301XXXXXX90294 | VISA | $500.00 |
| 162 | 224296 | U.S. BANK NATIONAL ASSOCIATION | 51657XXXXXX74367 | MASTERCARD | $500.00 |
| 163 | | U.S. Bank National Association | 40301XXXXXX62686 | VISA | $500.00 |
| 164 | 224296 | METABANK | 51133XXXXXX69408 | MASTERCARD | $500.00 |
| 165 | | METABANK | 43588XXXXXX67659 | VISA | $165.66 |
| 166 | | METABANK | 43588XXXXXX59147 | VISA | $200.00 |
| 167 | | METABANK | 51133XXXXXX14404 | MASTERCARD | $400.00 |
| 168 | | METABANK | 43588XXXXXX93874 | VISA | $0.63 |
| 169 | 224296 | SUNRISE BANKS, NATIONAL ASSOCIATION | 40344XXXXXX58966 | VISA | $500.00 |
| | | | | TOTAL: | $51,045.74 |